UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANDREW McWHORTER,           )
                            )
            Petitioner,     )
                            )
    vs.                     )    No. 1:14-cv-01098-WTL-DML
                            )
RON NEAL, Superintendent,   )
                            )
            Respondent.     )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Having considered the petition for writ of habeas corpus of Andrew McWhorter, the expanded record and the parties' arguments, and having also considered McWhorter's motion for preliminary injunction, and being duly advised, the Court finds that the petition and the motion for preliminary injunction must be denied. In addition, the Court finds that a certificate of appealability should not be issued. These conclusions are compelled by the following facts and circumstances:

1.McWhorter is confined at an Indiana prison awaiting retrial or other disposition of charges in Henry County in No. 33C01-0512-MR-001. His conviction for voluntary manslaughter was affirmed in *McWhorter v. State,* No. 33A01–0701–CR–2, 2007 WL 2264712 (Ind.Ct.App. Aug. 9, 2007), *trans. denied* (*McWhorter I* ), but the denial of his petition for post-conviction relief was reversed in *McWhorter v. State*, 993 N.E.2d 1141, 1143 (Ind. 2013), *reh'g denied* (Dec. 5, 2013)(*McWhorter II*).

2. The circumstances of the death of Amanda Deweese and the prosecution of McWhorter for that death are reviewed in *McWhorter II*. The State charged McWhorter with murder, a felony, and with being a habitual offender. The jury acquitted McWhorter of murder but found him guilty of the lesser-included offense of voluntary manslaughter. The jury also found McWhorter to be a habitual offender.

3. *McWhorter II* was issued by the Indiana Supreme Court based on its grant of transfer from a decision of the Indiana Court of Appeals. The development of the action for post-conviction relief was described as follows:

> Thereafter on June 12, 2008 McWhorter filed a *pro se* petition for post-conviction relief that was later amended by counsel on September 21, 2011. As amended the petition essentially alleged that trial counsel rendered ineffective assistance for failing to object to the voluntary manslaughter instruction. More particularly McWhorter contended that the instruction "was structurally flawed, was an incorrect statement of the law, was confusing, and permitted the jury to re-deliberate on the elements of murder (in the context of voluntary manslaughter) after having acquitted McWhorter of murder." App. to Br. of Appellant at 28.
> After a hearing the post-conviction court denied McWhorter's petition for relief. McWhorter appealed raising the same claims he raised before the post-conviction court. Agreeing that counsel rendered ineffective assistance, the Court of Appeals reversed the judgment of the post-conviction court. In so doing the Court remanded this cause concluding McWhorter may be retried on the charge of reckless homicide, but may not be retried on the charge of voluntary manslaughter.

*McWhorter II,* at 993 N.E.2d at 1143-44 (footnotes omitted). Transfer was granted on the State's petition to determine whether retrial on the charge of voluntary manslaughter was barred.

4. It was determined in *McWhorter II* that McWhorter was entitled to a new trial due to the instructional error. 993 N.E.2d at 1145. The Indiana Supreme Court disagreed with the Indiana Court of Appeals on the further question, however, and held that because McWhorter was found guilty of voluntary manslaughter double jeopardy did not bar retrial of that charge. *Id*. at 1146. McWhorter's claim in this habeas proceeding is that his retrial on the charge of voluntary manslaughter is barred by double jeopardy.

5. McWhorter's status is that of a pretrial detainee. Accordingly, his habeas action is brought pursuant to 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose vs. Hodges*, 423 U.S. 19, 21 (1975).

6. The respondent argues that this is an appropriate case for abstention under *Younger v. Harris,* 401 U.S. 37 (1971). This Court disagrees. *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014)("In rare instances, a pretrial detainee may petition for habeas relief, but such claims are extraordinary. A claim of double jeopardy is one such claim because it is not only a defense against being punished twice for the same offense, but also a defense against being subjected to a second trial—a right we cannot vindicate after a trial is complete, no matter the outcome. "); *Kilby v. Montomgery Cnty. Court of Common Pleas*, 2015 WL 163492, at *5 (S.D.Ohio Jan. 13, 2015) ("Recall that the Double Jeopardy Clause protects against a second trial, not just against conviction at a second trial . . . and for that reason, a double jeopardy claim is cognizable in federal habeas corpus prior to the 'second' trial.")(citing cases); *Harbert v. Superintendent*, 2014 WL 3341069, at *2 (N.D.Ind. July 7, 2014)("a federal habeas court has jurisdiction to entertain a colorable double jeopardy claim in advance of trial, notwithstanding the holding in *Younger.*).

7. The Court gives *de novo* review to the decision in *McWhorter II*. McWhorter argues that the simple fact of his acquittal as to the knowing murder of Amanda Deweese is the beginning and the end of the Double Jeopardy inquiry. This contention paints with too broad a brush, however. The Indiana Supreme Court was correct in basing its Double Jeopardy analysis on a more nuanced inquiry, and in doing so conceded that under principles of double jeopardy a retrial after reversal of a conviction is prohibited where the reversal is for insufficient evidence, but refused to

given preclusive effect to the jury's supposed rejection of the State's claim that McWhorter acting "knowingly" in shooting Deweese. *McWhorter II,* 993 N.E.2d at 1146. In other words, the Indiana Supreme Court rejected McWhorter's argument that the jury had found the evidence insufficient to meet the "knowingly" element of murder. It rejected McWhorter's argument that the reversal was based on insufficient evidence rather than instructional error. Because of this rejection, retrial is not barred. *Burks v. United States,* 437 U.S. 1, 18 (1978).

8. McWhorter was acquitted of murder, and the State seeks to retry him for the lesser-included offense of voluntary manslaughter. The Double Jeopardy Clause of the Fifth Amendment commands that a criminal defendant cannot be repeatedly prosecuted for the same offense, but it is not an absolute bar to retrial. *United States v. Dinitz,* 424 U.S. 600, 606–07 (1976). "When a conviction is overturned due to a judicial process that is defective, a second trial does not violate the guarantee against double jeopardy . . . ." *Cichon v. Templeton,* 221 F.3d 1338 (7th Cir. 2000). The instructional error at McWhorter's trial lies within the zone of "a judicial process that is defective," and by recognizing and correcting that error the Indiana courts have not insulated McWhorter from retrial on the charge of voluntary manslaughter.

9. McWhorter's petition for writ of habeas corpus is therefore **denied. Judgment consistent with this Entry shall now issue.**

10. The denial of the habeas petition dictates that McWhorter's motion for preliminary injunction also be **denied.**

11. McWhorter is detained pursuant to a judicial rather than an executive order. Accordingly, the court must determine whether a certificate of appealability is warranted. *Evans v. Circuit Court of Cook County,* 569 F.3d 665, 666 (7th Cir. 2009).

12. Pursuant to Federal Rule of Appellate Procedure 22(b), the discussion in *Evans*, and 28 U.S.C. § 2253(c)(1)(A), the court finds that McWhorter has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appeal.

IT IS SO ORDERED.

Date: 3/17/15

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel